UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

　　Plaintiff,

　　v.

CARLOS SEVILLA-OYOLA (04),

　　Defendant.

Criminal No. 10-251 (JAF)

**MEMORANDUM ORDER**

Pending before the court is Defendant's Motion to Vacate Order Scheduling Sentencing Hearing ("Motion to Vacate"). (Docket No. 2621.) Defendant's Motion to Vacate argues that this court has no subject matter jurisdiction to hold a final disposition hearing scheduled for March 8. (Id. at 1–3.) Defendant requests an Order vacating the hearing scheduled for March 8, 2012. (Id.) Alternatively, Defendant asks this court not to conduct the plea colloquy and the sentencing on the same day. (Id. at 4–5.) For the reasons set forth below, we now deny the Motion to Vacate.

In support of his Motion, Defendant cites a number of cases that are inapposite to the present case. (Id. at 2.) All of the cases Defendant cites involve unsuccessful challenges by defendants to their underlying convictions or to errors made at trial. E.g., Hill v. United States, 368 U.S. 424, 430 (1962); United States v. Prestenbach, 230 F.3d 780, 782 (5th Cir. 2000); United States v. Fischer, 205 F.3d 967, 972 (7th Cir. 2000); United States v. Bennett, 172 F.3d

953 (7th Cir. 1999). In several cases, courts have held that these types of challenges are outside the scope of Federal Rule of Criminal Procedure 35(a). See Hill, 368 U.S. at 430 (holding that defendant cannot use Rule 35(a) to challenge underlying conviction); Prestenbach, 230 F.3d at 782 (same); Bennett, 172 F.3d at 953 (same); see also Fischer, 205 F.3d at 972 (challenges to errors made at trial outside the scope of Rule 35(a)). None of these cases correspond to what happened in this case. Here, the trial judge, not defendant, acted under Rule 35(a) to correct a mathematical error at sentencing. (See Docket No. 2564.)

Nor is Rule 35(a) the only acceptable basis for imposing a new sentence in this case. The Supreme Court has held that trial judges may reconsider and reduce a sentence during the same term of court in which it was initially imposed. United States v. Benz, 282 U.S. 304, 306 (1931). Other courts have also recognized the "advisability of allowing some revisions." See 6 Wayne R. LaFave et al., Criminal Procedure § 26.7(c) (3d ed. 2007). One opinion by the Massachusetts Supreme Court said it well:

> Occasions inevitably will occur where a conscientious judge, after reflection or upon receipt of new probation reports or other information, will feel that he has been too harsh or has failed to give weight to mitigating factors which properly he should have taken into account. In such cases the interests of justice and sound judicial administration will be served by permitting the trial judge to reduce the sentence within a reasonable time.

District Attorney v. Superior Court, 342 Mass. 119, 128 (1961). Our Opinion and Order of February 28, 2012, should have made clear that Rule 35(a) and Rule 11 were not the exclusive reasons for setting aside the sentence, as Defendant contends. (See Docket No. 2602 at 20–21

(describing our reasons for reconsidering Defendant's original sentence).) It is within our power to amend the sentence in light of the several considerations we listed in that Opinion. Benz, 282 U.S. at 306.

Regarding future steps, the First Circuit Court of Appeals has published an Order holding Defendant's appeal in abeyance until the court has resentenced Defendant. (Docket No. 2624.) At the hearing on Thursday, March 8, we will hold a new plea colloquy or supplement the one on record, and impose a new sentence. Defendant will then be free to consolidate his appeals, as the circuit court's Order contemplates. (See id.)

We close with a few final words about defense counsel Sandoval's representation in this case. In her Motion to Vacate, defense counsel makes a number of assertions that are either off-base or plainly false. (Docket No. 2621.) Perhaps the most striking example is counsel's contention, at page 5 of the Motion to Vacate, that at our hearing on February 22, "counsel never used the word 'protective' in referring to the necessity to file a notice of appeal . . . ." (Id. at 5.) This assertion is directly contradicted by the record. An official transcript of the February 22 proceedings shows counsel stating, "Just out of an abundance of caution, if the Court sees on the docket a protective notice of appeal filed by today . . . ." (Docket No. 2622 at 58.) Attempts to mislead are not helpful to the court, the government, or to defense counsel's client. We hope and expect that in the future, counsel will refrain from making any further misrepresentations or unfounded assertions.

For the foregoing reasons, we hereby **DENY** the Defendant's Motion to Vacate. On Thursday, March 8, 2012, we will hold a new plea colloquy or supplement the one on record, and resentence Defendant.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 6th day of March, 2012.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. District Judge